NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas BOLICK, | |
| Plaintiff, | Civil No. 10-1461 (AET) |
| v. | **OPINION & ORDER** |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE, Charles COBAUGH, NORTHUMBERLAND COUNTY DISTRICT ATTORNEY'S OFFICE, Anthony J. ROSINI, John P. MUNCER, PUBLIC DEFENDER'S OFFICE OF NORTHUMBERLAND, GEORGE NAGLE, and NORTHUMBERLAND COUNTY, | **FILED**<br><br>MAR 16 2011<br><br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

### I.   INTRODUCTION

This matter has come before the Court upon the Rule 12(b)(6) Motions to Dismiss filed by Defendants Commonwealth of Pennsylvania (the "Commonwealth"), Pennsylvania State Police, and Charles Cobaugh [docket #7]; Northumberland County District Attorney's Office ("D.A.'s Office"), Anthony J. Rosini, and John P. Muncer [8]; Public Defender's Office of Northumberland ("P.D.'s Office") and George Nagle [9]; and Northumberland County (the "County") [24]. The Court has decided the motions upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the Defendants' motions are granted.

---

[1] Sitting by designation.

## II. BACKGROUND[2]

This case involves an Order striking Plaintiff's conviction that allegedly was retracted as a result of an unlawful ex parte hearing. On January 20, 1981, Plaintiff was convicted of burglary in the Northumberland County Court of Common Pleas and received a sentence of two and a half to ten years state incarceration. (Am. Compl. ¶¶ 19–20) [5]; (Commonwealth Defendants' Mot. to Dismiss Pl.'s Am. Compl., Opinion on Appeal in the Court of Common Pleas, at 1) [7]. On March 13, 2007, Plaintiff filed in the Court of Common Pleas a civil petition to strike his conviction, which Judge Robert Sacavage denied without a hearing on May 25, 2007. (*See* Commonwealth Defendants' Mot. to Dismiss Pl.'s Am. Compl. Ex. D, Non-Precedential Decision on Appeal from Order entered Nov. 13, 2007, at 2) [7]. Plaintiff filed another petition to strike his conviction and attached a draft order stating, "[T]he court on its own motion vacates/strikes the judgment rendered in this cause on January 20, 1981 . . . for the reason that as a matter of law that judgment is void on its face for lack of jurisdiction due to fraud upon the court." (*Id.*) Judge Sacavage signed that draft order in late June 2007,[3] thereby vacating and striking Plaintiff's conviction. On November 13, 2007, Judge Sacavage vacated the June Order because he had "intended to deny [the] Proposed Order but instead inadvertently granted the relief." (*See id.* Ex. C, Opinion on Appeal in the Court of Common Pleas, at 1) [7]. Plaintiff claims that the November Order was actually issued as a result of an ex parte hearing between the judge and Charles Cobaugh of the Pennsylvania State Police. (Am. Compl. ¶¶ 26–30.) Plaintiff filed a motion to strike the November Order, which was denied. (*Id.* at ¶ 33.) Plaintiff appealed this

---

[2] The facts provided in this section are drawn from allegations in Plaintiff's Amended Complaint as well as matters of public record such as the state court opinions relevant to Plaintiff's claims. *See Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (stating that courts deciding Rule 12(b)(6) motions to dismiss may consider "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

[3] The precise date of the June Order is unclear, as the Plaintiff argues it was issued on June 25, (*id.* at ¶ 23), whereas some of the state court opinions that reference the Order indicate that it was issued on June 26, 2007, (*see, e.g.,* Commonwealth Defendants' Mot. to Dismiss Pl.'s Am. Compl. Ex. D, Non-Precedential Decision on Appeal from Order entered Nov. 13, 2007, at 2); (*id.* Ex. E Order by Court of Common Pleas, at 1) [7].

denial to the Superior Court of Pennsylvania, which determined that both the June and November

Orders were legal nullities. (*Id.* at ¶ 35.)

In its opinion, the Superior Court stated that "the June 26, 2007 order was untimely on its

face" because it was issued after the 30-day period[4] prescribed by Section 5505 of the Judicial

Code. (*See* Commonwealth Defendants' Mot. to Dismiss Pl.'s Am. Compl. Ex. D, Non-

Precedential Decision on Appeal from Order entered Nov. 13, 2007, at 3–4) [7]. The Superior

Court went on to conclude that, because the June Order was a legal nullity, "the November 15,

2007 order vacating that order is also a legal nullity." (*Id.* at 5.) Accordingly, the Superior Court

remanded to the Court of Common Pleas, which vacated the June and November Orders and

reinstated the May 25 Order pursuant to the Superior Court's instructions. (Commonwealth

Defendants' Mot. to Dismiss Pl.'s Am. Compl. Ex. E, Order by Court of Common Pleas, at 1.)

The allegedly fraudulent 1981 conviction remains on Plaintiff's Criminal History Record and

Plaintiff's challenge to that record, pursuant to the Criminal History Record Information Act, is

still pending in state court. (Am. Compl. at ¶¶ 40, 41.)

Plaintiff filed a complaint in Bucks County Court of Common Pleas on March 4, 2010.

On April 1, 2010, Defendants Northumberland County D.A.'s Office, Rosini, and Muncer

removed the action to this district [1], and Plaintiff filed an Amended Complaint on April 19,

2010 [5]. In the Amended Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for

violations of his rights under the Fourth Amendment, Eighth Amendment, Due Process Clause of

the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth

Amendment. (*See, e.g.*, Am. Compl. at ¶ 69.) These claims revolve around the allegation that

Defendant Cobaugh engaged in an ex parte hearing with Judge Sacavage that resulted in the

---

[4]  Plaintiff's petition to strike his conviction was initially denied without a hearing on May 25, 2007. (*See* Commonwealth Defendants' Mot. to Dismiss Pl.'s Am. Compl. Ex. D, Non-Precedential Decision on Appeal from Order entered Nov. 13, 2007, at 2) [7].  The Superior Court thus concluded that the "final day to modify the May 25, 2007 order was June 25, 2007," because the "thirtieth day, June 24, 2007 fell on a Sunday." (*Id.* at 4 & n.2.)

reinstatement of Plaintiff's felony conviction on his criminal record, thereby causing him

psychological and emotional harm, as well as depriving him of the ability to own a firearm, serve

on a jury, or obtain employment, (*id.* at ¶ 62–65). Plaintiff also brings common law claims for

False Reports (Count V), Defamation (Count VI), and Civil Conspiracy (Count VII).

On May 4, 2010, Cobaugh, Commonwealth, and the Pennsylvania State Police moved to

dismiss the Amended Complaint [7]. The D.A.'s Office, Rosini and Muncer moved to dismiss on

May 10, 2010 [8]. Nagle and the P.D.'s Office moved to dismiss the same day [9].[5] Plaintiff

moved for entry of default judgment as to the County on September 13, 2010 [22], because the

County had failed to answer or respond within twenty-one days after it was served. The County

opposed default and moved to dismiss on September 28, 2010 [24].


## III. MOTION FOR DEFAULT JUDGMENT

### A. Legal Standard

The Third Circuit does not favor entry of defaults or default judgments, *United States v.*

*$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)), and instead prefers adjudications

on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). A court must

consider three factors in deciding whether to enter default judgment: "(1) prejudice to the plaintiff

if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d

Cir. 2000) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195).[6] Conduct is "culpable" where it

is "taken willfully or in bad faith." *Id.* at 164.

---

[5]   We note here that Plaintiff filed a Motion to Transfer Venue on May 21, 2010 [10]. However, this motion appears
to have been filed based on Plaintiff's erroneous belief that this case was pending in the District of New Jersey.
Because this case is already in the Eastern District of Pennsylvania as requested by Plaintiff, the Motion to
Transfer Venue is moot and need not be addressed.
[6]   *Chamberlain* extended the test provided in *$55,518.05 in U.S. Currency*—a case which addressed a motion to
vacate default judgment—to the slightly different context of a motion seeking to enter default judgment. *Hill v.*

## B. Application

Applying the Third Circuit's test, we find that none of the three prongs support entry of default judgment against the County. As to prejudice, Plaintiff relies upon an e-mail correspondence from May 24, 2010, in which defense counsel states his intent to file a responsive pleading "in due course." (Resp. to Northumberland County's New Matter 5, 7); (*id.* Ex. A, e-mail from Tim Bowers to Brian Zeiger (stating, "It was a pleasure speaking with you today. I will be entering my appearance on behalf of Northumberland County. A responsive pleading will follow in due course.") [27]. Defense counsel did not thereafter file a responsive pleading. Plaintiff argues that, as a result of Defendant's failure to do so, "three months of investigation, discovery and progress have been lost." (Resp. to Northumberland 6.) However, we do not consider three months to be a particularly dilatory time period. Moreover, although Plaintiff asserts that he has lost time that could have been spent pursuing his case against the County, there does not appear to have been any "loss of available evidence" or "increased potential for fraud or collusion." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982).

We also find that the County has advanced several litigable defenses. For example, the County argues that Plaintiff's allegation of an ex parte communication between a judge and a police officer fails to constitute a "permanent and well settled" practice as required of § 1983 municipal liability claims under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 698 (1978). (*See* Br. in Supp. of Northumberland County's Mot. to Dismiss and Answer With New Matter to Mot. for Entry of Default J. 5) [25]. The County also argues that Plaintiff fails to satisfy the three-factor test of procedural due process claims, given the availability of mechanisms to review his conviction. (*Id.* at 6.) Furthermore, the fact that Plaintiff concedes dismissal of his false reports, defamation, and civil conspiracy claims makes

---

*Williamsport Police Dep't*, 69 F. App'x 49, 51–52 (3d Cir. 2003).

clear that entry of default judgment against the County would be inappropriate. (*See* Mem. in Resp. to County's Mot. to Dismiss 1) [26].

Regarding culpability, Plaintiff argues that, given defense counsel's awareness of the suit as of May 24, counsel's failure to answer or enter an appearance was willful and in bad faith. (Resp. to Northumberland County's New Matter at 8) [27]. Standing alone, the e-mail indicating defense counsel's intent to file a responsive pleading is inconclusive as to the County's bad faith. Plaintiff states that after the May 24 e-mail, "Plaintiff's counsel was not contacted again concerning the matter," (Resp. to Northumberland 7), but there is no indication that Plaintiff's counsel attempted to follow up with defense counsel or was ignored. Moreover, the County filed its opposition on September 27, 2010, and moved to dismiss the following day—a mere two weeks after Plaintiff moved for default judgment. Such efforts to defend this action cut against Plaintiff's argument that the County is seeking to engage in culpable dilatory conduct.

Thus, we will deny Plaintiff's Motion for Entry of Default Judgment as against Northumberland County [22].

## IV. MOTION TO DISMISS

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court must accept as true all of a plaintiff's factual allegations, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is facially plausible. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Facial plausibility exists where the facts pled allow the court reasonably to infer that "the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S. Ct. at 193). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* (quoting *Iqbal*, 129 S. Ct. at 195).

## B. Analysis

Plaintiff concedes that dismissal is appropriate as to the following parties: the Commonwealth and the Pennsylvania State Police, (Opp'n to Commonwealth & State Police's Mot. to Dismiss 1) [11]; the P.D.'s Office and Nagle, (Opp'n to Defs. Northumberland County Public Defender's Office & Nagle's Mot. to Dismiss 1) [12]; and the D.A.'s Office, (Opp'n to D.A.'s Office, Rosini & Muncer's Mot. to Dismiss 1) [13]. Therefore, we solely consider the motions to dismiss with respect to Defendants Cobaugh, Rosini, Muncer, and the County. We find that the motions to dismiss as to these remaining Defendants must be granted due to facial insufficiency and the rule prohibiting § 1983 challenges that necessarily imply the invalidity of an undisturbed conviction.

### 1. Motion to Dismiss as to Defendant Cobaugh

Plaintiff has sued Defendant Cobaugh for common law claims for false reporting, defamation, and civil conspiracy, as well as for § 1983 violations based on various constitutional claims.

With respect to § 1983 claims, the Supreme Court has stated that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Accordingly, a § 1983 suit that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence" must be dismissed. *Id.* at 487. A plaintiff's action may proceed, however, if the action "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.* (emphasis in original). For example, a court may consider a § 1983 challenge claiming a violation of procedural due process that does not necessarily imply the invalidity of a plaintiff's conviction or sentence. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (allowing suit where respondents sought invalidation under § 1983 of state procedures used to deny parole eligibility and suitability).

Plaintiff claims in Count I that the Defendants, presumably including Cobaugh, have "violated his constitutional rights by illegally and fraudulently maintaining an illegal and fraudulent conviction." (Am. Compl. ¶ 68.) This claim depends upon the conclusion that Plaintiff's conviction was invalid. Plaintiff's conviction has not been declared invalid, given that the June Order issued by the Court of Common Pleas was declared a legal nullity by the Superior Court of Philadelphia. Therefore, this claim is barred under the rule established in *Heck.*

Plaintiff brings a § 1983 for denial of his procedural due process rights in Count IV. (Am. Compl. ¶ 84–87.) To state a claim for deprivation of procedural due process rights, a plaintiff must allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide due process of law." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Ed.*, 587 F.3d 176 (3d Cir. 2009) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)). Plaintiff claims the deprivation of two liberty interests. First, he claims he has been deprived of his "fundamental liberty interest in being unrestrained by an erroneous conviction." (Mem. in Response to Commonwealth, PSP, and Cobaugh Defendants' Mot. to Dismiss 8) [11]. This purported interest necessarily implies that his conviction was invalid, and

therefore would be barred by *Heck*. Second, Plaintiff claims he has been deprived of his "liberty interest arising from injury to his reputation by dissemination of information relating to a criminal conviction." (*Id.* at 9.) *Heck* does not bar this interest, because redressing Plaintiff's reputational injury would not necessarily imply the invalidity of his conviction. Nonetheless, the Supreme Court has expressly stated that there is no liberty interest in preventing the publication of criminal records. *See Paul v. Davis*, 424 U.S. 693, 713 (1976). Thus, Because Plaintiff's procedural due process claim is unsupported by a cognizable liberty interest, we must dismiss this claim.

Plaintiff's Amended Complaint also includes § 1983 claims under the First Amendment, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (Am. Compl. ¶ 66–70.) These claims do not require lengthy discussion; suffice it to say that they are facially insufficient. Plaintiff provides no factual allegations in support his First Amendment claim beyond the bare conclusory assertion that "Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff's constitutionally protected rights of freedom of speech and association[.]" (*Id.* at ¶ 68.) Plaintiff has failed to provide factual allegations supporting an Eighth Amendment violation under any theory, whether for cruel and unusual punishment or otherwise. (*Id.* at ¶ 69.) Lastly, Plaintiff has failed to allege that he was treated differently from other similarly-situated individuals, (*id.* at ¶ 68–69), as is required to state an equal protection claim. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (citing *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)). Therefore, these claims must be dismissed.

Plaintiff alleges in Count V that Cobaugh "falsely report[ed]" Plaintiff's conviction. (Am. Compl. ¶ 88–91.) We take this to be an invasion of privacy claim under the "false light" prong of Pennsylvania law, which prohibits "publicity that unreasonably places another in a false light before the public." *Burger v. Blair Med. Assocs., Inc.*, 964 A.2d 374, 377 (Pa. 2009) (citing Restatement (Second) of Torts § 652E). Assuming we have correctly interpreted this Count,

Plaintiff fails to state a claim on which relief can be granted. Plaintiff argues that his "factual assertion that his underlying conviction was vacated must, at this initial pleadings phase, be considered as true." (Mem. in Resp. to Commonwealth, Pennsylvania State Police and Cobaugh Mot. to Dismiss 15) [11]. However, we cannot accept as true an allegation that is plainly contradicted by a matter of public record—namely, the Superior Court's holding that the Order vacating Plaintiff's conviction was a legal nullity. (*See id.* Ex. D.) Moreover, we would run afoul of *Heck* were we to conclude in spite of this public record that Plaintiff's conviction was invalid. Because Plaintiff's conviction has not been invalidated, the retention of Plaintiff's conviction in a public criminal record would not place Plaintiff in a false light. Thus, the false light claim must be dismissed.

Plaintiff asserts in Count VI that Cobaugh committed defamation by publishing records of Plaintiff's allegedly false conviction. (Am. Compl. ¶ 92–100.) To state a claim for defamation, "the words must be untrue, unjustifiable, and injurious to the reputation of another." *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008) (citing 42 Pa. Cons. Stat. Ann. § 8343(a)). The fact of Plaintiff's conviction is not untrue, so Plaintiff fails to state a viable claim for defamation.

Finally, Plaintiff claims in Count VII that Cobaugh was engaged in a civil conspiracy with the other defendants. (Am. Compl. ¶ 101–104.) A civil conspiracy requires "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. 2008) (citations omitted). Here, because we have dismissed all underlying claims, there is no overt act on which Plaintiff can base his civil conspiracy claim. Thus, the civil conspiracy claim must be dismissed as well.

### 2. Motion to Dismiss as to Defendants Rosini and Muncer

Plaintiff concedes the dismissal of all § 1983 claims against Muncer and Rosini. (Mem. in Resp. to D.A.'s Office, Rosini & Muncer 1). Therefore, we consider their motion to dismiss solely with respect to the state law claims.

Plaintiff claims in Count V that Defendants and Rosini and Mercer falsely reported Plaintiff's conviction. (Am. Compl. ¶ 88–91.) Assuming this is a "false light" claim, Plaintiff fails to state a claim on which relief can be granted. Because Plaintiff's conviction has not been invalidated, the retention of Plaintiff's conviction in a public criminal record would not place Plaintiff in a false light before the public. *See Burger*, 964 A.2d at 377 (Pa. 2009) (citing Restatement (Second) of Torts § 652E).

Plaintiff asserts in Count VI that Defendants Rosini and Muncer committed defamation by publishing records of Plaintiff's allegedly false conviction. (Am. Compl. ¶ 92–100.) As above, because the fact of Plaintiff's conviction is not untrue, Plaintiff fails to state a viable claim for defamation. *See Joseph*, 959 A.2d at 334 (Pa. Super. Ct. 2008) (citing 42 Pa. Cons. Stat. Ann. § 8343(a)).

Because we have dismissed Plaintiff's false light and defamation claims, we must also dismiss the civil conspiracy claim in Count VII, which depends upon at least one of these torts to satisfy the required element of an underlying overt act.

### 3. Motion to Dismiss as to the County

Plaintiff concedes with respect to the County the dismissal of his false reports (count V), defamation (count VI), and civil conspiracy (count VII) claims. (*See* Mem. in Resp. to County's Mot. to Dismiss 1) [26]. Therefore, we consider the County's motion to dismiss solely with respect to Plaintiff's § 1983 claims.

Plaintiff's First Amendment, Eighth Amendment, and Equal Protection claims are facially insufficient for the same reasons stated above with respect to Defendant Cobaugh. (*See* Am. Compl. ¶ 66–70).

Plaintiff alleges in Count I that the Defendants, presumably including the County, have violated his Fourth Amendment and Fourteenth Amendment rights by "illegally and fraudulently maintaining an illegal and fraudulent conviction." (Am. Compl. ¶ 68.) Additionally, Plaintiff alleges in Count III that his substantive due process rights were violated by the County's maintenance of false records. (Am. Compl. ¶ 80–83.) In order to find in Plaintiff's favor on these Counts, we would have to find that Plaintiff's conviction was invalid. Thus, as stated above with respect to Defendants Cobaugh, these claims are barred by the *Heck* rule.

Plaintiff claims in Count IV that his procedural due process rights were violated by the alleged ex parte hearing between Judge Sacavage and Defendant Cobaugh. (Am. Compl. ¶ 84–87.) As discussed above, Plaintiff's asserted liberty interest in "being unrestrained by an erroneous conviction" would imply the invalidity of Plaintiff's conviction in contravention of the *Heck* rule, (Mem. in Resp. to County Mot. to Dismiss 7), and Plaintiff's asserted reputational interest in avoiding the dissemination of his criminal record is directly contradicted by Supreme Court precedent, *see* (*id.* at 8–9); *Paul v. Davis*, 424 U.S. 693, 713 (1976). Accordingly, absent the deprivation of a cognizable liberty interest, Plaintiff's procedural due process claim is dismissed.

In Count II, Plaintiff alleges a municipal liability claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). (*See* Am. Compl. ¶ 72–79.) The *Monell* doctrine states that a municipality may be held liable under § 1983 when "execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. A "policy" is an official proclamation by a decisionmaker with final authority; a "custom" is a practice of

state officials that is so permanent and well-settled as to virtually constitute law. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010). To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of the [defendant's] was the 'moving force' behind [the constitutional] violation." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (U.S. 1997)). Accordingly, where municipal liability is predicated upon a "failure to train," the failure must constitute "deliberate indifference" to the plaintiff's constitutional rights. *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Failure to train "can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (citing *Bryan Cnty.*, 520 U.S. at 408). However, "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390.

Here, Plaintiff can point only to an ex parte hearing allegedly conducted with respect to his petition to strike his conviction. This single incident fails to suggest a policy or custom. *See Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989) (stating that a "single incident by a lower level employee acting under color of law . . . does not suffice to establish either an official policy or a custom"); *see also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 821 (1985) (striking down jury instruction that allowed "jury to impose liability on the basis of . . . a single incident"). However, Plaintiff's Amended Complaint asserts that the County "fail[ed] to properly train, investigate, supervise and discipline its employees," was "deliberately indifferent to the rights of citizens," and "engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury to citizens like Plaintiff," (Am. Compl. ¶ 73–76).  Taking these allegations as true, Plaintiff

has sufficiently alleged *Monell* liability based on failure to train.  However, because the *Monell*

doctrine is merely a way of establishing § 1983 liability on the part of a municipality, Plaintiff's

recovery against the County depends on the viability of his underlying constitutional claims.

Because we have dismissed all of Plaintiff's constitutional claims, there is nothing for which to

hold the County liable under § 1983.  Thus, Count II must also be dismissed.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this ⅚th day of March, 2011,

ORDERED that Plaintiff's Motion to Transfer Venue is denied as moot; and it is

ORDERED that Plaintiff's Motion for Entry of Default [docket # 22] as to Defendant Northumberland County is DENIED; and it is

ORDERED that Defendants Commonwealth of Pennsylvania, Pennsylvania State Police, and Chuck Cobaugh's Motion to Dismiss [7] is GRANTED; and it is

ORDERED that Defendants Northumberland County District Attorney's Office, Anthony J. Rosini, and John P. Muncer's Motion to Dismiss [8] is GRANTED.

ORDERED that Defendants Public Defender's Office of Northumberland County and George Nagle's Motion to Dismiss [9] is GRANTED; and it is

ORDERED that Defendant Northumberland County's Motion to Dismiss [25] is GRANTED; and it is

ORDERED that this case is hereby CLOSED.

ANNE E. THOMPSON, U.S.D.J.