NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Thomas BOLICK,

    Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA, et al.,

    Defendants.

Civil No. 10-1461 (AET)

**OPINION & ORDER**

FILED

2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

THOMPSON, U.S.D.J.[1]

## I. INTRODUCTION

This matter has come before the Court upon Plaintiff Thomas Bolick's Motion for Reconsideration of the Court's Order dismissing Plaintiff's claims [docket # 32]. Defendant Charles Cobaugh opposes the motion [33]. The Court has decided the motion upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion is denied.

## II. BACKGROUND[2]

This case involves the Northumberland County Court of Common Pleas' retraction—allegedly pursuant to an unlawful ex parte hearing—of its previous order vacating Plaintiff's 1981 burglary conviction. The Superior Court of Pennsylvania concluded that both the vacatur and the retraction order were untimely and therefore legal nullities. (*See* Commonwealth Defs.' Mot. to Dismiss Pl.'s Am. Compl Ex. D., Non-Precedential Decision on Appeal from Order entered Nov.

---

[1] Sitting by designation.
[2] A fuller recitation of the facts is provided in the Court's March 15 Opinion & Order dismissing the case [31].

13, 2007, at 3–4) [7]. Accordingly, Plaintiff's conviction was reinstated and currently remains on his record.

Plaintiff's Amended Complaint includes claims under 42 U.S.C. § 1983 based on the violation of his rights under the Fourth Amendment, the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as common law claims for false reports, defamation, and civil conspiracy. On March 15, 2011, we dismissed Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted [31]. We found that Plaintiff's 42 U.S.C. § 1983 claims were barred by Supreme Court precedent because they necessarily implied the invalidity of his conviction. (*See* Op. & Order 7–9, 11–14 (discussing and applying *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).) We dismissed Plaintiff's common law claims because the fact of his underlying conviction was true and thus the publication thereof could not support his common law claims. (*See id.* at 9–11.) Plaintiff now moves for reconsideration of our dismissal [32].

### III. ANALYSIS

#### A. Legal Standard for Motion for Reconsideration

A motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 691 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised prior to the original decision, nor is it an opportunity to ask a court to "rethink what it had already thought through—rightly or wrongly." *Nationwide Life*

*Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 1044864, at *1 (Mar. 23, 2011) (quoting *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Given the "strong interest in finality of judgments, district courts grant motions for reconsideration sparingly." *Carroll v. Student Transp., Inc.*, No. 10-1439, 2011 WL 1045161, at *1 (E.D. Pa. Mar. 22, 2011) (citing *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

### B. Application

#### 1. Dismissal of Procedural Due Process Claim

Plaintiff asserts that this Court committed an error of law by finding that his procedural due process claim was barred by *Heck v. Humphrey*, a Supreme Court case precluding 42 U.S.C. § 1983 suits that "necessarily imply the invalidity of [the plaintiff's] conviction or sentence." 512 U.S. 477, 486–87 (1994); *see also* (Op. & Order 8.) Specifically, Plaintiff argues that his procedural due process claim does not necessarily imply the invalidity of his conviction because he "is not challenging his conviction" but rather "the reversal of the court order" that vacated his conviction. (Mem. in Supp. of Pl.'s Mot. for Reconsideration 1–2) [32].

We disagree. As stated in Plaintiff's brief opposing the motions to dismiss, Plaintiff's procedural due process claim rests on the deprivation of his liberty interest in "being unrestrained by an erroneous conviction." (Mem. in Resp. to Cobaugh's Mot. to Dismiss 8) [11]. However, Plaintiff's conviction has not been found erroneous, and therefore this claimed liberty interest fails to support a procedural due process claim. *Heck* plainly stated that a § 1983 plaintiff has no cause of action "unless and until the [plaintiff's] conviction or sentence is reversed, expunged, invalidated, or impugned . . . ." 512 U.S. at 489. Regardless of whether Plaintiff is challenging his original conviction or the reinstatement of that conviction after it was vacated, (*see* Commonwealth Defs.' Mot. to Dismiss Pl.'s Am. Compl. Ex. D, at 4–5) [7], Plaintiff's conviction

remains in effect and therefore he has no § 1983 cause of action. Accordingly, reconsideration of Plaintiff's procedural due process claim is not warranted.

## 2. Failure to Convert to a Motion for Summary Judgment

Plaintiff further asserts that this Court committed a manifest error of law by considering the "content of the Superior Court's opinion" without properly converting the motion to dismiss to a motion for summary judgment. (Mem. in Supp. 2–3) [32].

As noted in our Order, the Third Circuit allows courts deciding Rule 12(b)(6) motions to dismiss to consider "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." (Op. & Order 2 n.2 (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).) "Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim[.]" *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc. § 62:508). However, a court may consider a public record such as a judicial opinion "only to establish the existence of the opinion, and not for the truth of the facts asserted in the opinion." *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).

In ruling on the motion to dismiss, we found that Plaintiff's allegation that his conviction had been vacated was contradicted by a New Jersey Superior Court order stating that the vacatur was a legal nullity. (*See* Op. & Order 10 (citing Commonwealth Defs.' Ex. D).) The Superior Court's order is a matter of public record. Furthermore, it is relied upon in Plaintiff's Amended Complaint, (*see* Am. Compl. ¶ 34–36), and is central to determining the validity of his claims. We considered the Superior Court's order not for any facts stated therein, but to determine that the Superior Court had reinstated Plaintiff's conviction. Therefore, it was not necessary to

convert the motion to dismiss to a motion for summary judgment, and our failure to do so does not warrant reconsideration.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 19th day of April, 2011,

ORDERED that Plaintiff's Motion for Reconsideration [32] is DENIED.

／s／ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.